**Douglas D. Harris**
HARRIS & IRWIN LAW OFFICES, PLLP
Attorneys at Law
322 West Spruce Street
P.O. Box 7937
Missoula, Montana 59807-7937
Telephone: (406) 549-5176
Email: sprucelaw@blackfoot.net

**ATTORNEY FOR RICK'S AUTO BODY, INC.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY, a member of company of FARMERS INSURANCE GROUP OF COMPANIES,<br><br>Plaintiffs,<br><br>vs.<br><br>RICK'S AUTO BODY, INC., and AARON HALL, Individually and as Personal Representative of the Estate of Bruce Hall,<br><br>Defendants. | Cause No. CV17-63-M-DLC<br><br>**DEFENDANT AND COUNTER-CLAIMANT RICK'S AUTO BODY, INC. BRIEF IN SUPPORT OF MOTION FOR ORDER TO STAY, OR DISMISS WITHOUT PREJUDICE** |
| RICK'S AUTO BODY, INC.,<br><br>Counter-Claimant,<br><br>vs.<br><br>MID-CENTURY INSURANCE COMPANY and TRUCK INSURANCE EXCHANGE, member companies of FARMERS INSURANCE GROUP OF COMPANIES,<br><br>Counter-Defendants. | |

THIS federal declaratory judgment action over insurance coverage follows the state action, Aaron Hall, individually and as Personal Representative of the Estate of Bruce Hall v. Flying B Properties, LLC, and Rick's Auto Body, Inc., Temp Right

Service, Inc. and John Does 1 through 5, Cause No. DV-16-699, Montana Fourth Judicial District Court, Missoula County. Bruce Hall, an auto body repair worker with Rick's Auto Body, Inc. was severely burned at work in the distillation room on August 19, 2013 when he poured a batch of distilled paint thinner from a plastic bucket into a 55 gallon drum. Static electricity ignited the vapors in the distillation room and the flash ignited the thinner, causing Bruce Hall's clothing to catch fire and to burn approximately 85% of his body. He died at Harborview Medical Center in Seattle, Washington on August 20, 2013. His son, Aaron Hall, individually and as the duly appointed and acting Personal Representative of the Estate of Bruce Hall, sued in state court these defendants: Flying B Properties, LLC, the property owner of the Rick's Auto Body, Inc. facility; Rick's Auto Body, Inc.; Temp Right Service, Inc., the ventilation systems maintenance firm; and John Does 1-5.

Aaron Hall, as a third party outside the Rick's-Bruce Hall employment relationship, sues Rick's Auto Body, Inc. in his own right for negligent infliction of emotional distress. The state complaint pleads a number of allegations, but Count II- Negligent Infliction of Emotional Distress alleges violation of federal and state safety regulations that caused the foreseeable injury and death of employee Bruce Hall.

It is against these backdrops of multiple parties and multiple claims, that commercial general liability insurer and commercial umbrella insurer, Mid-Century Insurance Company and Truck Insurance Exchange of Farmers Insurance Group of Companies, resisted extending any defense under the policies, and upon reconsideration did so under a reservation of rights, leading to this federal declaratory judgment action over insurance coverage.

## I. INTRODUCTION

The state action was filed on August 16, 2016. This federal action under the Declaratory Judgment Act, 28 U.S.C. § 2201, was filed on May 15, 2017.

Succinctly, the *Complaint* in the parallel state action pleads: Count I - Personal Representative's premises liability claim against Defendant Flying B Properties, LLC;

Count II - Aaron Hall's Negligent Infliction of Emotional Distress against Rick's Auto Body, Inc.; Count III - Negligent Design and Construction of Ventilation System claim against Defendant Temp Right Service, Inc.; Count IV - Personal Representative's Products Liability, Mont. Code Ann. § 27-1-719, claim against Defendant Temp Right Service, Inc.; Count V - Aaron Hall's Punitive Damages claim against all Defendants, Flying B Properties, LLC, Rick's Auto Body, Inc. and Temp Right Service, Inc. Thus, the claims run against the various Defendants for breaches of a variety of duties that led to and caused the distillation room thinner ignition and flash fire that injured and killed Mr. Bruce Hall. The state *Complaint and Demand for Jury Trial* is attached to the *Complaint* in this action as Exhibit B for Declaratory Judgment.

After service of the state *Complaint*, the Defendants, Rick's Auto Body, Inc. and Flying B Properties, LLC, tendered claims to insurance carriers, Mid-Century Insurance Company and Truck Insurance Exchange of Farmers Insurance Group of Companies for the benefit of the primary garage keeper's liability policy and commercial umbrella policy. In responses at different times, Mid-Century Insurance Company and Truck Insurance Exchange sent reservation of rights letters to the Defendant, Rick's Auto Body, Inc., the sum of which are to defend Rick's Auto Body, Inc. with a reservation of the insurance company's contended right to revoke the defenses and to provide no indemnities at a later date.

The state action, <u>Hall v. Flying B Properties, LLC, Rick's Auto Body, Inc., and Temp Rite Service, Inc.</u>, has much state terrain before it to orient and traverse before there are any judicially reliable landmarks of fact and law of that case to guide this Court on what parties' status, what roles, what duties, and what breaches of duty any of the Defendants committed that led to Bruce Hall's injuries and death. So that this Court can avoid a premature judgment of these critical issues, this Court should abstain from subject matter jurisdiction.

The state court proceeding is completely adequate to adjudicate the rights of

all parties and because that, this Court should exercise its discretion to abstain in consideration of judicial administration, comity, and fairness to litigants. See, Travelers Cas. & Sur. Co. v. Roman Catholic Bishop of Helena, 2013 WL 1192401 (D. Mont. Mar. 22, 2013). Defendant, Rick's Auto Body, Inc., therefore respectfully requests this Court to exercise its discretion and to dismiss this proceeding under the Brillhart/Wilton Doctrine, so that factual confirmation, and the application of state law may properly take place in the proper Court, the parallel state court action.

## II. LEGAL AUTHORITY AND ARGUMENTS

The Plaintiff, Mid-Century Insurance Company, as the party seeking declaratory relief, satisfies Article III, § 2, "case or controversy" clause as well as statutory jurisdictional requirements under Govt. Employees Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998). Still, cases brought under the Declaratory Judgment Act must satisfy both constitutional and prudential concerns. Dizol, 133 F.3d 1220, 1222. Therefore, this court must evaluate whether to exercise its jurisdiction under the Declaratory Judgment Act because there is a pending parallel proceeding in state court. Am. Nat. Fire Ins. Co. v. Hungerford, 53 F.3d 1012, 1019 (9th Cir. 1995), *overruled on other grounds,* Dizol, 133 F.3d at 1227.

There is an exception to the general rule when a party raises claims independent of the request for declaratory relief.

In this action, there are no claims other than the request for declaratory relief.

The Ninth Circuit therefore allows the district court to exercise discretion and abstain under the Brillhart/Wilton Doctrine when facing a motion to stay or to dismiss a declaratory action in the face of an undecided parallel state action. See: R.R. St. & Co., Inc v. Transport Ins. Co., 656 F.3d 966 (9th Cir. 2011); Govt. Employees Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998). This United States District Court usually abides the authority to exercise its discretion by abstaining from subject matter jurisdiction where insurers as federal plaintiffs seek declaratory judgments for insurance coverage in defense of undecided state actions. See: e.g. Penn-Star Ins. v.

1 Coyote Ridge Construction, 2012 WL 631895 (D.Mont. Feb. 27, 2012); Gonzales v. Natl. Union Fire Ins. of Pittsburgh, Pa., 2011 WL 4899905 (D. Mont. July 29, 2011); Great Am. Assurance Co. v. Discover Prop. & Cas. Ins. Co., 779 F.Supp.2d 1158 (D.Mont. 2011).

Here, all the parties, Plaintiff and Defendants, share the same state court subject matter: an individual claim of the son of the deceased employee who had suffered an injury in the workplace. This observation satisfies the concept of parallelism: the same parties with the same state court subject matter.

In the Montana action, it is the law of the State of Montana that a third party claimant may allege his own tort of negligent emotional distress, separate from the workplace negligence that caused the workers' compensation covered accident. The real question, of course, lies in the facts and proof of how such a third party claimant can prove independent emotional distress claims that did not result from the employee's workers' compensation injury.

The workers' compensation injury does not by itself eclipse the third party's own claim. The Montana Supreme Court holds: "The question, therefore, is whether there is some rational nexus between the third party's claims and the acts or omissions leading to the employee's injury or death." Maney v. Louisiana Pacific Corp., 303 Mont. 398, 15 P.3d 962 (2000).

The insurers, Mid-Century Insurance Company and Truck Insurance Exchange, member of the Farmers Insurance Group of Companies, take the position that the workers' compensation exclusions in the liability policy and in the commercial umbrella policy result in no coverage of the state action. But that determination cannot be made at this time in this declaratory judgment action. It is the province of the state court whether Aaron Hall, individually, may first plead and then prove his claims for the issue (as stated by the Montana Supreme Court in Maney) whether the injuries at issue are those of the employee, or of someone else. Mr. Hall's *Complaint* fits within the Maney case language in that it does plead a claim in Count II that acts

by Rick's Auto Body, Inc. resulted in his own emotional distress separate from, or in addition to, the negligence which allegedly caused his father's workplace accident. Exactly how this will play out in the state court and with what proof will require a speculation at best, or a misjudgment of Montana law at worst. Either way, the undecided parallel state action should resolve before this Court makes judgments about whether there is insurance coverage for defense and indemnity of this claim.

In <u>Brillhart v. Excess Ins. Co. of America</u>, 515 U.S. 277 (1995) the Supreme Court first examined the effect a concurrent proceeding in state court had on a federal court proceeding presenting the same issue, when that issue was not governed by federal law. 326 U.S. 491 (1942). The Supreme Court held that when a district court is presented with such a situation, the court should "...ascertain whether questions in controversy between the parties to the federal suit, and which are not foreclosed under applicable substantive law, can be better settled in the proceeding pending in the state court and the nature of the defenses there." <u>Id</u>. at 495.

Later, in <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277 (1995), the Supreme Court expanded its holding in <u>Brillhart</u>, holding that a district court's decision to stay or dismiss a proceeding is governed by the discretionary standard as stated in <u>Brillhart</u>, and that the discretion rests with the district court rather than the appellate court, even when the suit otherwise satisfies subject matter jurisdiction. <u>Id</u>. at 277. Additionally, the Supreme Court held that a district court need not hear the case before exercising its discretion to stay or to dismiss the declaratory action. <u>Id</u>. at 288.

Closer to our part of the country, the Ninth Circuit decided <u>Govt. Employees Ins. Co. v. Dizol</u>, 133 F.3d 1220 (9th Cir. 1998), where it further elucidated the doctrine of discretionary jurisdiction under the Declaratory Judgment Act: (1) avoiding needless determination of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; (3) avoiding duplicative litigation. 133 F.3d at 1225. The court noted that while the pendency of a state action does not require a district court to refuse federal declaratory relief, "federal

DEFENDANT AND COUNTER-CLAIMANT RICK'S AUTO BODY, INC. BRIEF IN
SUPPORT OF MOTION FOR ORDER TO STAY, OR DISMISS WITHOUT PREJUDICE        PAGE 6 OF 10

courts should generally decline to entertain reactive declaratory actions." Id. Further, the court held that when other actions are brought with a claim for declaratory relief the district court should decline to entertain the claim for declaratory relief in order to avoid piecemeal litigation. Id. at 1225-1226. And, the Ninth Circuit ruled that when a district court has constitutional authority to hear a case pursuant to the Declaratory Judgement Act, it need not address *sua sponte* whether jurisdiction should be declined. Dizol 133 F.3d at 1227. This could result in a stay if not outright dismissal.

This Court, in Penn-Star Ins., Co. v. Coyote Ridge Const., Inc., ordered stay of the federal action until the facts could be ascertained in the underlying state court proceeding. Other cases from this District Court that hold likewise. Travelers Cas. & Sur. Co. v. Roman Catholic Bishop of Helena, 2013 WL 1192401 (D. Mont. Mar. 22, 2013). McFerrin v. United Specialty Ins. Co., 2016 WL 4926136 (D. Mont. Sept. 15, 2016).

Penn-Star Ins., Co. and its line of cases are similar to the proceeding here in that they involve an insurance company seeking a declaration that it had no duty to indemnify or defend the defendants under the terms of a commercial general liability policy. Like the case here, in Penn-Star Ins. Co., the declaratory action arose out of a state law claim which had yet been adjudicated at the time of the declaratory action. Id. at ¶ 1. This Court, relying on Wilton, stayed the federal action upon finding the state court had not yet resolved disputed facts that could provide guidance as to whether the state claim was not covered. Id. at ¶ 6.

Again, in Central United Life Ins. Co. v. Estate of Gleason, a case involving a dispute between an insurance company and an estate, this Court applied the Brillhart/Wilton Doctrine, this time exercising discretion to dismiss the declaratory action. Central United Life Ins. Co. v. Estate of Gleason, 2011 WL 4856164 (D.Mont. Oct, 13, 2011). In determining dismissal was appropriate, this Court applied the Brillhart factors, as outlined by the Ninth Circuit in Dizol. 133 F.3d at 1225. This

1 Court noted that "... in an insurance case where the Court's only basis for jurisdiction
2 is diversity, the Brillhart/Wilton factors weigh heavily in favor of dismissing the
3 action. 2011 WL 6258448, at ¶ 2. This Court held that first factor, avoiding needless
4 determination of state law, was clearly met as "...insurance coverage questions... are
5 strictly the province of state law." Id. (citing Great Am. Assurance Co., 779
6 F.Supp.2d at 1163). Additionally, this Court held that the third factor, avoiding
7 duplicative litigation was also present because the federal action involved the exact
8 same issue, denial of insurance benefits, as did the underlying state court proceeding.
9 Id. As to the second Brillhart/Wilton factor, discouraging forum shopping, this Court
10 held that because the federal action was filed before the state action it might not be
11 deemed "reactive," thus the second factor was not relevant. Id. at ¶ 3. However,
12 because two of the three Brillhart/Wilton factors were met, this Court exercised its
13 discretion and dismissed the action under the Declaratory Judgement Act. Id.

Similar to Penn-Star Ins., Co., the facts in this case must be established first in
15 the parallel state action. Just like Penn-Star Ins., Co., in the state action here, the state
16 court will resolve who did what and who owed what duties to Mr. Wolf and whether
17 the duties were breached. Thus, the state determination should be made before this
18 Court determines coverage under the policies because such factual determinations
19 will provide guidance to the coverage disputes in this proceeding, preventing any
20 premature judgment of the general commercial liability insurance and commercial
21 umbrella insurance issues.

## **CONCLUSION**

23 The Declaratory Judgment Act, 28 U.S.C.A § 2201(a) leaves it to the District
24 Court as a matter of discretion to abstain, with or without objection of any of the
25 parties. Govt. Employees Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998).
26 Jurisdiction may be declined, or it would seem, the action may be maintained upon
27 stay, but the Court generally should decline to entertain reactive declaratory actions.
28 Govt. Employees Ins. Co. v. Dizol, 133 F.3d at 1225, citing Chamberlain v. Allstate

Ins. Co., 931 F.2d 1361, 1366-67 (9th Cir. 1991). The "touchstone" of the analysis remains the Brillhart factors to avoid needless determination of state law issues, to discourage declaratory judgment as a means of forum shopping, and to avoid duplicated litigation. All of those concerns have application here. Against the backdrop of this Court's disinclination to entertain reactive declaratory judgment actions, the Court, in its discretion, could stay this action or, it could order dismissal without prejudice of the action.

The tangled allegations of multiple duties, multiple breaches, and unclear roles of who did what on and in the Rick's Auto Body, Inc. building are claimed by Mr. Aaron Hall to amount to various liabilities among all the Defendants. The parallel state action is simply too uncertain for anyone, other than the state court, to declare in what roles and how any of the Defendants had legal duties, and breached legal duties, that led to Mr. Hall's injuries and death. Moreover, the Montana Supreme Court, through its analysis of non-employee third party, individual claims in the milieu of workplace injuries, does allow individual claims of those other than the injured employee. How this claim will stand or fall in the state action remains to be seen. That day will come, but there is a lot of uncertain country to cross before that rendezvous.

No prejudice is done to any of the parties here by a stay of this action until then, or if the Court prefers, a dismissal without prejudice.

RESPECTFULLY SUBMITTED this 25th day of July, 2017.

HARRIS & IRWIN LAW OFFICES, PLLP

By: /s/ Douglas D. Harris
**Douglas D. Harris**
*ATTORNEY FOR RICK'S AUTO BODY, INC.*

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the *Defendant and Counter-Claimant Rick's Auto Body, Inc. Brief in Support of Motion for Order to Stay, or Dismiss without Prejudice* complies with the requirements of Local Rule 7.1(d)(2)(E). The total word count in the *Brief* is 2,736 words, excluding the caption and Certificates of Compliance and Service. The undersigned relies on the word count of the work processing system used to prepare the *Brief*.

DATED this 25th day of July, 2017.

HARRIS & IRWIN LAW OFFICES, PLLP

By: /s/ Douglas D. Harris
**Douglas D. Harris**
*ATTORNEY FOR DEFENDANT
AND COUNTER-CLAIMANT,
RICK'S AUTO BODY, INC.*

## CERTIFICATE OF SERVICE
### L.R. 5.2(b)

I hereby certify that on this 25th day of July, 2017, a copy of the foregoing document was served on the following persons by the following means:

```
 1, 2   CM/ECF
_____   Hand Delivery
_____   Mail
_____   Overnight Delivery Service
_____   Fax
_____   E-Mail
```

1.  Robert J. Phillips
    Katelyn J. Hepburn
    Garlington, Lohn & Robinson, PLLP
    350 Ryman Steet
    P.O. Box 7909
    Missoula, MT 59807-7909
    Attorneys for Plaintiff Mid-Century Insurance Company

2.  David R. Paoli
    Paoli Kutzman, P.C.
    257 West Front St., Suite A
    Missoula, MT 59802
    Attorney for Defendant Aaron Hall

/s/ Douglas D. Harris

DEFENDANT AND COUNTER-CLAIMANT RICK'S AUTO BODY, INC. BRIEF IN
SUPPORT OF MOTION FOR ORDER TO STAY, OR DISMISS WITHOUT PREJUDICE        PAGE 10 OF 10