David R. Paoli
Paul M. Leisher
PAOLI LAW FIRM, P.C.
P.O. Box 8131
257 West Front St., Suite A
Missoula, MT 59807-8131
(406) 542-3330
(406) 542-3332 (Fax)
davidpaoli@paoli-law.com
paulleisher@paoli-law.com
*Attorneys for Aaron Hall*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY, a member company of FARMERS INSURANCE GROUP OF COMPANIES,<br><br>Plaintiff,<br><br>v.<br><br>RICK'S AUTO BODY, INC., and AARON HALL, Individually and as Personal Representative of the Estate of Bruce Hall,<br><br>Defendants. | Cause No. CV-17-63 -DLC<br><br>**BRIEF IN SUPPORT OF MOTION TO DISMISS OR STAY** |

Defendant Aaron Hall, through counsel, provides the following brief in support of his Motion to Dismiss or Stay.

## BACKGROUND

Mr. Hall filed a Complaint in the Fourth Judicial District, County of Missoula (the "Underlying Action") alleging one claim against Rick's Auto Body, Inc.: negligent infliction of emotional distress. Rick's Answer to the Complaint raised the defense that the claim is precluded by the exclusivity provision of Montana's worker's compensation statute. Exhibit 1, *Answer*. Resolution of the claim will entail litigation of the question of whether the worker's compensation exclusivity provision violates a third party's Montana Constitution Article II, § 16 rights.

Plaintiff Mid-Century Insurance is defending Rick's in the Underlying Action under a reservation of rights. Mid-Century filed this declaratory action claiming no duty to defend or indemnify:

> 17. Given the allegations of the Complaint, it does not appear that coverage exists to either defend or indemnify Rick's in relation to the Underlying Action for the following reasons:
>
> a. Aaron's claims against Rick's are covered under Montana's Workers' Compensation Act and therefore, the <u>Workers' Compensation Exclusion in the Policy precludes coverage</u>.
>
> b. Aaron's claims for emotional distress are further excluded from coverage under the <u>Employee Indemnification and Employer's Liability Exclusion</u> because <u>his emotional distress likely constitutes "bodily injury"</u> to a "spouse, child, parent, brother or sister" of an employee of the insured.

  c. There is <u>no coverage for claims for punitive damages</u> in the Underlying Action because the Policy explicitly excludes coverage for claims for such damages.

Hall moves to dismiss or stay the case pursuant to the *Wilton/Brillhart* doctrine.

**LEGAL STANDARD**

The exact contours of the *Wilton/Brillhart* doctrine are not defined, but the Ninth Circuit has explained it thus:

> The Declaratory Judgment Act uses permissive language. *See* 28 U.S.C. § 2201(a) (stating that federal courts "*may* declare the rights and other legal relations of any interested party" in a declaratory judgment action (emphasis added)). Based on the permissive nature of the Declaratory Judgment Act, in *Brillhart v. Excess Insurance Co. of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), the Supreme Court held that a district court has discretion to dismiss a federal declaratory judgment action when "the questions in controversy ... can better be settled in" a pending state court proceeding. *Id.* at 495, 62 S.Ct. 1173. The Court reaffirmed this principle in *Wilton,* holding that a district court may decline to entertain a federal declaratory judgment action when state court proceedings "present [ ] opportunity for ventilation of the same state law issues." 515 U.S. at 290, 115 S.Ct. 2137. The Court has not yet delineated "the outer boundaries" of the so called *Wilton/Brillhart* doctrine, *id.,* but we have allowed district courts broad discretion as long as it furthers the Declaratory Judgment Act's purpose of enhancing "judicial economy and cooperative federalism," *Dizol,* 133 F.3d at 1224.
>
> In *Brillhart,* the Court articulated three factors that courts should consider when examining the propriety of entertaining a declaratory judgment action: avoiding "needless determination of state law issues"; discouraging "forum shopping"; and avoiding "duplicative

litigation." *See Dizol,* 133 F.3d at 1225. Although courts may also consider a number of other factors, the three "*Brillhart* factors remain the philosophic touchstone" for the *Wilton/Brillhart* analysis, *id.,* and they served as the basis for the district court's decision in this case.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011).

**ANALYSIS**

"[W]hen a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, there exists a presumption that the entire suit should be heard in state court." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir. 1991). All of the issues here will be addressed in the Underlying Action and should be heard there first, if not exclusively.

Each of Mid-Century's claims as to why there is not coverage are predicated on questions of state law, factual disputes that have not yet been addressed in the Underlying Action, or both. First, the worker's compensation exclusion Mid-Century claims precludes coverage raises questions regarding the exclusivity provision of the Worker's Compensation Act, Montana Code Annotated § 39-71-411. Defendant Rick's has raised the exclusivity provision as a defense to Mr. Hall's claim in the Underlying Action, and filed a 12(b)(6) motion to dismiss premised on the Worker's Compensation Act's exclusive remedy provision. In his response to the motion, Hall has argued that the exclusivity provision violates

Article II, §§ 16 and 17 of the Montana Constitution. The issue is entirely one of state law. Since the issue of Worker's Compensation will be addressed in the Underlying Action, addressing it here would be both a "needless determination of state law issues" and also "duplicative litigation." *R.R. St. & Co. Inc.*, 656 F.3d at 975.

Second, the "Employee Indemnification and Employer's Liability" provision excludes:

> "Bodily injury" to:
> **a.** An "employee" of the "insured" arising out of and in the course of:
>   (1) Employment by the "insured"; or
>   (2) Performing the duties related to the conduct of the "insured's" business;
> **b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

(Doc X, Exhibit X at X) Mid-Century's argument is that Mr. Hall's claim is precluded because "his emotional distress *likely* constitutes 'bodily injury'" (emphasis added). As explained in the following paragraphs, this implicates an undeveloped fact issue in the Underlying Action.

Since *Allstate Ins. Co. v. Wagner-Ellsworth*, 2008 MT 240, the Montana Supreme Court has held that emotional distress only falls within the definition of "bodily injury" if it is accompanied by physical manifestations. It's a fact-specific inquiry that must be decided case by case: "Each case must necessarily be judged

by its own facts to determine whether the alleged injuries are sufficiently akin to physical injuries to fall within coverage for 'bodily injury.'" *Allstate*, ¶ 42. "[I]n the context of purely emotional injuries without physical manifestations, the phrase 'bodily injury' is not ambiguous and its ordinary meaning connotes a physical problem and not purely emotional injuries." *Allstate*, ¶ 40. Thus, under state law, whether a claim for emotional distress falls within the definition of "bodily injury" depends on the nature of the emotional injury—particularly whether or not it is accompanied by physical manifestations.

Mid-Century's claim that Mr. Hall's emotional distress "likely" constitutes bodily injury is an implicit acknowledgment that there's nothing in Hall's Complaint that suggests his emotional distress is accompanied by physical manifestations, combined with an apparent hope that as the Underlying Action develops, facts will be discovered suggesting that the injury is not purely emotional. Those factual issues, however, can and should be addressed in the Underlying Action. As this Court has ruled in the past, where factual issues must be resolved in the state-court action before coverage determinations can be made, the declaratory action regarding coverage should be stayed, if not dismissed: "If legal questions in a federal action involve interpretations of state law related to a factual dispute pending before the state court, then the state court is the more

suitable forum." *Mid-Continent Cas. Co. v. Weaver Dev., LLC*, No. CV 12-144-M-DLC-JLC, 2013 WL 12141488, at *1 (D. Mont. June 24, 2013) (internal quotations omitted) (quoting *American Nat'l Fire Ins. Co. v. Hungerford,* 53 F.3d 1012, 1017 (9th Cir. 1995)).

Third, the punitive damages exclusion is similarly a question of state law that requires determination of factual disputes in the Underlying Action. Mr. Hall's claim for negligent infliction of emotional distress does not carry an automatic award of punitive damages. For Mr. Hall to be awarded punitive damages, Defendant Rick's will first have to be "found guilty of actual fraud or actual malice." Mont. Code Ann. § 27-1-221. Mr. Hall has yet to prove that Rick's is guilty of actual fraud or actual malice; it remains a factual dispute that must be resolved in the Underlying Litigation. *Mid-Continent Cas. Co.* at *1.

Moreover, if Mid-Century has to defend against the negligent infliction of emotional distress claim, then it will have to defend against the punitive damages claim. "[I]f an insurer has a duty to defend one claim, it must defend them all, even if the remaining claims would not be covered." *Penn-Star Ins., Co. v. Coyote Ridge Const., Inc.*, No. CV 11-55-M-DWM, 2012 WL 631895, at *2 (D. Mont. Feb. 27, 2012).

Finally, there are no compelling issues of federal interest here. There are no questions of federal law at all, and the only basis for jurisdiction is diversity of citizenship. The issues are all related to insurance coverage, which is governed by state law. Determining some of them will require litigation of novel issues of state law best left to the state courts in the first instance, lest this Court be required to make an *Erie* guess or certify a question to the state high court. The Ninth Circuit has stated that when the "sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir." *Continental Casualty Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991).

**CONCLUSION**

This Court routinely dismisses or stays declaratory actions under exactly these kinds of circumstances. *See, e.g., Travelers Cas. & Sur. Co. v. Roman Catholic Bishop of Helena*, No. CV 12-104-H-CCL, 2013 WL 1192401, at *2 (D. Mont. Mar. 22, 2013) ("In this case, the insurance coverage issues present questions of state, not federal, law. The claims are based on the diversity jurisdiction of the parties. Some of the claims may eventually require determinations of novel questions of state law."); *Penn-Star Ins., Co.* at *3; *Mid-Continent Cas. Co.* at *2; *Travelers Cas. & Sur. Co. v. Roman Catholic Bishop of*

*Helena*, No. CV 12-104-H-CCL, 2013 WL 1192401, at *3 (D. Mont. Mar. 22, 2013).

The Court should do the same here and decline to exercise its discretion to decide Plaintiff's claims for declaratory judgment. Instead, it should dismiss this matter without prejudice in order for the Plaintiff to address these issues in the state court. In the alternative, the Court should stay these proceedings until resolution of the Underlying Action.

DATED this 2nd day of August, 2017.

/s/ David Paoli
PAOLI LAW FIRM, P.C.
*Attorneys for Plaintiff*