Robert J. Phillips
Katelyn J. Hepburn
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT 59807-7909
Telephone (406) 523-2500
Telefax (406) 523-2595
rjphillips@garlington.com
kjhepburn@garlington.com

Attorneys for Mid-Century Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY, a member company of FARMER'S INSURANCE GROUP OF COMPANIES,<br><br>Plaintiff,<br>v.<br><br>RICK'S AUTO BODY, INC., and AARON HALL, Individually and as Personal Representative of the Estate of Bruce Hall,<br><br>Defendants.<br><br>RICK'S AUTO BODY, INC.,<br><br>Counter-Claimant,<br><br>MID-CENTURY INSURANCE COMPANY and TRUCK INSURANCE EXCHANGE, member companies of FARMERS INSURANCE GROUP OF COMPANIES,<br><br>Counter-Defendants. | Cause No. CV 17-63-M-DLC<br><br>MID-CENTURY'S RESPONSE TO RICK'S AUTO BODY INC.'S MOTION FOR ORDER TO STAY, OR DISMISS WITHOUT PREJUDICE AND AARON HALL'S MOTION TO DISMISS OR STAY |

Plaintiff, Mid-Century Insurance Company ("Mid-Century") files this response to Defendant and Counter-Claimant Rick's Auto Body Inc. ("Rick's") Brief in Support of Motion for Order to Stay, or Dismiss Without Prejudice ("Rick's Br.") (Doc. 8) and Defendant Aaron Hall's Brief in Support of Motion to Dismiss or Stay ("Hall's Br.") (Doc. 11).

## I. INTRODUCTION

The Court should deny Defendants' motions to stay or dismiss because, as illustrated below, there are no genuine issues of material fact nor are there complex or novel state law issues raised. This Court is given discretion under diversity jurisdiction to interpret insurance policy language under established principles of Montana law. This Court can and should exercise jurisdiction over the narrow, well-settled coverage issues presented here and grant Mid-Century declaratory relief that it has no duty to defend or indemnify its insured in the underlying state court proceeding.

## II. BACKGROUND

On August 16, 2016, Aaron Hall, individually and as personal representative of the Estate of Bruce Hall, filed a Complaint in the Fourth Judicial District, County of Missoula, Montana (hereinafter the "Underlying Action"), alleging a claim against Rick's for negligent infliction of emotional distress and a claim for punitive damages. Compl., *Aaron Hall, Indiv. & P.R. Estate Bruce Hall v. Flying*

*B Props., LLC, and Rick's Auto Body, Inc., Temp Right Servs., Inc. & John Does 1-5*, No. DV-16-699 (Mont. 4th Jud. Dist. August 16, 2016) (Doc. 1-2) ("Underlying Compl.").

Specifically, Aaron Hall alleges that Rick's violated applicable safety regulations, disregarding the reasonably foreseeable outcome that its employee, Bruce Hall, "would suffer a slow and agonizing death and that his family members would suffer serious emotional distress as a result." Underlying Compl. ¶ 47. Aaron Hall alleges that Rick's either knew, or consciously disregarded that its actions created a high risk of causing him serious emotional distress. Underlying Compl. ¶ 48. Negligent infliction of emotional distress and a claim for punitive damages are the only claims alleged against Rick's in the Underlying Action.

Prior to and at the time of the incident which gives rise to the Underlying Action, Bruce Hall was employed by Rick's. Underlying Compl. ¶ 7. On August 19, 2013, as part of his job, Bruce Hall was pouring freshly distilled solvent when vapors in the room ignited catching his clothes on fire. Underlying Compl. ¶ 11. He was severely burned and died from his injuries on August 20, 2013. Underlying Compl. ¶¶ 12, 14.

Rick's has a Garage Policy issued by Mid-Century, Policy No. 06593-54-44 with a policy period of January 1, 2013 through January 1, 2014 (the "Policy"). That policy contains a number of exclusions which preclude defense or indemnity

of the claims against Rick's in the Underlying Action. Despite this lack of coverage, Mid-Century is participating in the defense of Rick's under a reservation of rights. Mid-Century asks this Court to provide declaratory relief in its favor finding that it has no duty to defend or indemnify Rick's in the Underlying Action.

## III. LEGAL STANDARD

Federal district courts have original jurisdiction in all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332. Under the Declaratory Judgment Act, federal courts may declare the rights of parties in a declaratory judgment action. 28 U.S.C. § 2201(a). "Generally, district courts have a 'virtually unflagging obligation . . . to hear jurisdictionally sufficient claims.'" *Countrywide Home Loans, Inc. v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 852 (9th Cir. 2011) (quoting *Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1167 (9th Cir. 1998)). "Where a District Court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).

/////

/////

## IV. ARGUMENT

### A. The application of *Wilton/Brillhart* supports this Court retaining jurisdiction and providing a declaratory ruling on the narrow question of coverage.

There is no dispute here that this Court has subject matter jurisdiction over this action for declaratory judgment under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. The issue is whether the Court should exercise discretionary jurisdiction under the Declaratory Judgment Act and entertain Mid-Century's claim for declaratory relief. This Court has the authority and the discretion to interpret insurance policy language under established principles of Montana law. It should exercise jurisdiction over the narrow coverage issue presented here.

The *Wilton/Brillhart* doctrine is guiding precedent where a court is determining whether "the questions in controversy . . . can better be settled in" a pending state court proceeding, *Brillhart*, 316 U.S. at 495, or state court proceedings present an "opportunity for ventilation of the same state law issues." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 290 (1995).

Under this framework, the three primary factors guiding the court's analysis include: (1) avoiding needlessly determining state law issues; (2) discouraging forum shopping; and (3) avoiding duplicative litigation. *See R.R. St. & Co. v. Trans. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) (citing *Brillhart*, 316 U.S. 491;

*Wilton,* 515 U.S. at 289-290). The purpose of this inquiry is to "essentially require the district court to 'balance concerns of judicial administration, comity, and fairness to the litigants.'" *Mid-Continent Cas., Co. v. Weaver Dev., LLC*, No. CV 12-144-M-DLC-JCL, 2013 U.S. Dist. LEXIS 196330, at **6-7 (D. Mont. Apr. 15, 2013) (quoting *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005)).

The Ninth Circuit has provided additional factors to consider when determining if a court should entertain a declaratory judgment action:

> (1) whether the state court could provide a full resolution of all the issues; (2) whether proceeding in federal court would result in an unnecessary federal determination of state law; (3) whether the case raises unresolved issues of state law better decided in a state trial court from which an appeal would go to a state appellate court; (4) whether retention of the action in federal court would encourage forum shopping; (5) whether one court is more convenient to the parties; and (6) whether removing the case from state court gives rise to comity concerns such that proceeding in federal court should be avoided.

*Cardan v. N.Y. Life Ins. Co.,* No. DV 16-102-M-DLC, 2016 U.S. Dist. LEXIS, at **4-5 (D. Mont. Oct. 11, 2016) (citing *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225-1226 (9th Cir. 1998)). With these considerations in mind, the Ninth Circuit in *Dizol* further noted that "'a district court cannot decline to entertain such an action as a matter of whim or personal disinclination.'" *Dizol*, 133 F.3d at 1223 (citation omitted).

The law does not recognize a "presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Dizol*, 133 F.3d at 1225. Only where there are "parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit be heard in a state court." *Dizol*, 133 F.3d at 1225 (citation omitted).

**1. Exercising jurisdiction would not result in needless determination of state law issues and the issues presented here are separate and distinct from those in the Underlying Action.**

The first consideration under the *Wilton/Brillhart* framework is avoiding needlessly determining state law issues. There is no such concern here. In the Underlying Action, Aaron Hall brings a claim against Mid-Century's insured, Rick's, alleging the insured's conduct caused Aaron Hall severe emotional distress and he claims he is entitled to punitive damages. There is no coverage question before the state court in the Underlying Action and Mid-Century is not a party to that action.

The state court's inquiry in the Underlying Action is wholly separate and distinct from the inquiry this Court must undertake to address the coverage question. In the Underlying Action, Aaron Hall must present evidence that tends to show that his emotional distress was "serious or severe," that it was a "reasonably foreseeable consequence" of the employer's act or omission, and that

the emotional distress he experienced was "reasonable and justified under the circumstances." *See generally Sacco v. High Country Indep. Press*, 271 Mont. 209, 896 P.2d 411 (1995). Aaron Hall will also have the burden of proving that the underlying defendants acted with actual malice or actual fraud to prevail on his claim for punitive damages. The state court's inquiry and analysis in the Underlying Action is not relevant to the coverage question raised here, nor will the state court's findings in the Underlying Action affect this Court's coverage analysis.

The only issue before this Court is whether three separate exclusions of Mid-Century's insurance policy apply to preclude coverage for the claims alleged against Mid-Century's insured in the Underlying Action. The first applicable exclusion is the Workers' Compensation Exclusion which unequivocally excludes from coverage any and all claims which are also covered under Montana's Workers' Compensation Act ("Act") and other similar programs. Second, the Employee Indemnification and Employer's Liability Exclusion precludes coverage for "bodily injury" to a child of an injured employee of the insured. Finally, the policy clearly states there is no coverage for claims of punitive damages against the insured.

This Court need only consider these narrow coverage issues in light of the Policy language and the applicable law of Montana.

### a. The Workers' Compensation Exclusion applies here and precludes any coverage for Rick's in the Underlying Action.

Defendants here ask this Court to stay this matter until the state court rules on Aaron Hall's constitutional challenge to the Montana's Workers' Compensation Exclusive Remedy Rule in the Underlying Action. A stay is neither warranted, necessary nor is it appropriate because the law is well-settled on this matter. To issue a declaratory ruling, this Court need only look at the language of the Policy, the undisputed facts and the applicable Montana law which clearly states there is no coverage for Aaron Hall's emotional distress because it arises out of or relates to his father's work-place injury and subsequent death.

It has been established under Montana law that the Workers' Compensation Program is the exclusive remedy for an employee against an employer for damages arising out of work-related injuries. "The exclusive remedy rule is perhaps the most firmly entrenched doctrine in workers' compensation law." *Asurion Servs., LLC v. Mont. Ins. Guar. Ass'n*, 2017 MT 140, ¶ 16, 387 Mont. 483, 396 P.3d 140 (citing *Stratemeyer v. Lincoln Cnty.*, 276 Mont. 67, 74, 915 P.2d 175, 179 (1996) (citing *Shea v. N. Butte Mining Co.*, 55 Mont. 522, 179 P. 499 (1919)). The Workers' Compensation Act assures compensation to the employee and in turn, the employee "forego[es] other legal recourse against their employer." *Maney v. La. Pac. Corp.*, 2000 MT 366, ¶ 11, 303 Mont. 398, 15 P.3d 962 (citation omitted). As the Montana Supreme Court has held, the language of the Act "is clear and

unequivocal. An employer has no liability for an employee's work-related injury or death which is compensable under the Act." *Maney*, ¶ 20.

The Act binds both an employee and an employee's personal representative who has a right or claim to compensation for the employee's injury or death. *See* Mont. Code Ann. § 39-71-411 (2015). Further, the Montana Supreme Court has held "where [an] independent emotional distress action brought by someone other than the employee is based on alleged acts of an employer which are the same acts which resulted in the employee's compensable injury, the emotional distress claims are logically related to--arise from--the employees' injury." *Maney*, ¶ 25. Under Montana law, "emotional distress claims are claims for compensation for the employees' injury and are barred by workers' compensation exclusive remedy provisions." *Maney*, ¶ 25.

The Policy at issue here explicitly excludes from coverage all claims for injury which are compensable under Montana's Workers' Compensation Program. *See* Policy, Section II, B(3) (Doc. 1-1 at 29). It is undisputed that Bruce Hall's work-place accident resulted in a compensable work-related death under the Montana's Workers' Compensation Program. There is no question that Aaron Hall's claim for emotional distress arises out of and is related to the acts or omissions of the employer allegedly contributing to Bruce Hall's death.

Defendants' motions to dismiss or stay ask this Court to ignore fundamental principles of Montana law and defer to a state court proceeding in which Mid-Century is not a party and where coverage is not directly at issue. The law on this question is well-settled and this Court need only apply it to the four-corners of the Policy to render a judgment.

**b. The Employee Indemnification and Employer's Liability Exclusion also precludes coverage.**

Defendants appear to argue that all factual issues relevant to whether the Employee Indemnification and Employer's Liability Exclusion applies will be resolved in the state court proceedings. This is not accurate. Although facts pertinent to the question of coverage may be uncovered over the course of litigating the Underlying Action, the inquiry relevant to determining if this exclusion applies is separate and distinct from the necessary inquiry of the state court.

In the Underlying Action, Aaron Hall has artfully pled his claim to avoid addressing whether he experienced physical manifestations as a result of his alleged emotional distress. Rather than address this issue in his motion to dismiss in the present action, he states that these "factual issues must be resolved in the state-court action before coverage determinations can be made." Hall's Br. 6.

In this declaratory judgment action, Mid-Century seeks a declaration from this Court that there is no coverage for "bodily injury" to a "spouse, child, parent,

brother or sister of that 'employee'" which arises "out of and in the course of: (1) Employment by the 'insured'; or (2) Performing the duties related to the conduct of the 'insured's' business." Policy, Exclusion 4. Employee Indemnification and Employer's Liability (Doc. 1-1 at 29).

The Policy here defines "bodily injury" as "sickness or disease sustained by a person including death resulting from any of these." Policy, Section VI(C), Definitions (Doc. 1-1 at 39). Montana courts have interpreted similar definitions of "bodily injury" in insurance policies to "mean a strictly physical injury or [it] could also include physical manifestations arising from a mental injury or sickness." *Allstate v. Wagner-Ellsworth*, 2008 MT 240, ¶ 40, 344 Mont. 445, 188 P.3d 1042.

Determining whether Aaron Hall experienced physical manifestations as a result of his emotional distress is not central to the state court's analysis in the Underlying Action. This question is uniquely a coverage issue and is properly addressed by this Court in the present action.

This narrow factual inquiry is unnecessary because the Workers' Compensation Exclusion of the Policy applies to preclude coverage. Applicability of the Workers' Compensation Exclusion is dispositive to the coverage issues presented here.

**c. The Punitive and Exemplary Damages Exclusion applies to preclude coverage for any claim for punitive damages.**

Lastly, the Policy at issue here includes a Punitive or Exemplary Damages Exclusion Endorsement which states: "Regardless of any other provision, this policy does not cover punitive or exemplary damages or the cost of defense related to such damages." Policy, Punitive or Exemplary Damages Exclusion Endorsement (Doc. 1-1 at 14).

Aaron Hall claims he is entitled to punitive damages in the Underlying Action. In his motion to dismiss the present action, Aaron Hall argues this Court should not decide the punitive damages exclusion question because there "remains a factual dispute that must be resolved in the Underlying Litigation." Hall's Br. 7. Whether Rick's is guilty of actual fraud or actual malice is immaterial to whether there is coverage for such claims. The Policy language could not be clearer.

Mid-Century does not dispute that the law in Montana requires where "an insurer has a duty to defend one claim, it must defend them all, even if the remaining claims would not be covered." *Penn-Star Ins. v. Coyote Ridge Constr.*, No. CV 11-55-M-DWM, 2012 U.S. Dist. LEXIS 24882, at *4 (D. Mont. Feb. 27, 2012) (citing *Home Ins. Co. v. Pinski Bros., Inc.*, 160 Mont. 219, 226-227, 500 P.2d 945, 949-950 (1972)). Aaron Hall misses the mark. There is no duty to defend either claim in the Underlying Action asserted against Rick's under

numerous exclusions in the Policy. This precedent is not applicable to the circumstances here.

### 2. Determination of coverage by this Court adequately balances considerations of judicial administration and fairness to the parties.

In considering whether to abstain from issuing a declaratory judgment, a court should "balance concerns of judicial administration, comity, and fairness to the litigants." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005) (citations and internal quotations omitted). The circumstances here warrant retaining jurisdiction in light of these considerations.

Exclusions apply here which preclude coverage in the Underlying Action. In accordance with Montana's strong presumption toward finding a duty to defend as articulated in *Tidyman's Management Services v. Davis*, Mid-Century agreed to defend the Underlying Action and seek declaratory relief from this Court. Under Montana law, "where an insurer refuses to defend its insured, it does so at its peril . . . . For this reason, we have previously recommended that where an insurer believes it is not required to provide a defense under the policy, the prudent course of action is to defend the insured under a reservation of rights and file a declaratory judgment action to discern coverage." *Tidyman's Mgmt. Servs. v. Davis*, 2014 MT 205, ¶ 24, 376 Mont. 80, 330 P.3d 1139 (internal citations omitted).

Denying Mid-Century declaratory relief would impose an unfair and costly

burden on it, where no duty to defend or indemnify exists. It is undisputed that jurisdiction in this Court is proper, the coverage issues presented are ripe for review and this Court should issue declaratory relief.

**3. Mid-Century affirmatively chose this forum which is available to it under the Constitution and therefore, forum shopping is not a concern.**

Mid-Century filed this action in federal court on the basis of diversity. "Although occasionally stigmatized as 'forum shopping,' the desire for a federal forum is assured by the constitutional provision for diversity jurisdiction and the congressional statute implementing Article III." *First State Ins. Co. v. Callan Assocs.*, 113 F.3d 161, 162 (9th Cir. 1997). Mid-Century did not bring this action in federal court for an improper purpose. Rather, Mid-Century affirmatively chose this forum under its constitutional right to do so. There is no concern over "forum shopping" under these circumstances.

**4. It is unlikely that exercising jurisdiction will lead to duplicative litigation because the coverage issues raised here are narrow and distinct from issues raised in the Underlying Action.**

Mid-Century seeks from this Court a determination that (1) it has no obligation to defend in the underlying suit; and (2) Mid-Century has no duty to indemnify, based on clear and unequivocal exclusions in the insurance policy at issue and based on well settled principles of Montana law.

Rick's cites two Montana cases in support of its position that this declaratory

judgment action is duplicative of the Underlying Action. Both are distinguishable and have little bearing on the Court's inquiry here. First, in *Travelers Casualty & Surety Co. v. Roman Catholic Bishop of Helena*, a Montana federal district court abstained from exercising jurisdiction because there were numerous parallel state court actions that would result in duplicative litigation. Specifically, the court held that abstention was appropriate because in one of the related state-court proceedings, the "plaintiffs ha[d] requested that, pursuant to the Montana Declaratory Judgment Act, § 27-8-202, the state court determine the scope and extent of coverage under *all* policies issued by the Diocese's insurers" at issue. *Travelers Cas. & Sur. Co. v. Roman Catholic Bishop of Helena*, No. CV 12-104-H-CCL, 2013 U.S. Dist. LEXIS 42022, at *4 (D. Mont. Mar. 22, 2013) (emphasis in original).

Similarly, in *McFerrin v. United Specialty Insurance Company*, a Montana federal district court abstained from exercising jurisdiction over a declaratory judgment action where "an identical declaratory judgment action [was] already pending in a California state court." *McFerrin v. United Specialty Ins. Co.,* No. CV 15-113-H-CCL, 2016 U.S. Dist. LEXIS 125805, at *6 (D. Mont. Sept. 15, 2016).

As both of these cases illustrate, where a truly parallel and related coverage dispute is simultaneously being litigated in state court, it is appropriate to dismiss a

declaratory judgment action filed in federal court. However, that is not the case here. There is no coverage issue raised in the Underlying Action and Mid-Century is not a party to that suit.

A judgment interpreting the insurance agreement here does not result in duplicative litigation because the issues here are discrete and not currently pending in state court. This factor weighs heavily against dismissal.

**5. Additional factors weigh in favor of exercising jurisdiction.**

The additional factors to be considered in making this determination also lean in favor of this Court retaining jurisdiction. First, the state court in the Underlying Action cannot provide any resolution of the issues presented in this action for declaratory judgment. As noted above, Mid-Century is not a party to the Underlying Action and the issue of coverage is not raised in those proceedings. The issue before this Court is narrow and independent of the state court's inquiry in the Underlying Action.

Second, there is no issue presented here that would require this Court to unnecessarily determine issues of state law. There is no indication that the coverage issues here are extraordinary and it is not uncommon for federal courts to determine issues of state law in declaratory judgment actions.

Third, resolving the coverage issue in a separate action in federal court is proper because it provides a timely and fair resolution of a dispute which, if left to

languish pending resolution of the Underlying Action, would come at great expense to Mid-Century. Although Mid-Century has agreed to defend the Underlying Action on a reservation of rights, it is entitled to a ruling on the issues of coverage prior to the resolution of the Underlying Action because the issues raised in the Underlying Action have no bearing on the issues of coverage. This Court is equipped, based on the unambiguous language of the Policy, undisputed facts and established principles of Montana law, to make a determination that Mid-Century is has no duty to defend nor indemnify Rick's in the Underlying Action.

## V. CONCLUSION

After full consideration of the *Wilton/Brillhart* factors here, it is clear that neither issues of fact nor extraordinary issues of state law are before this Court. Providing Mid-Century with declaratory relief does not require this Court to needlessly determine state law issues. Proceeding with this determination would not result in duplicative litigation because there are no coverage issues raised in the Underlying Action. Therefore, Mid-Century respectfully requests that this Court deny both Defendants' motions to dismiss or stay this action and that it proceed to rule on the merits of Mid-Century's claim for declaratory judgment.

DATED this 23rd day of August, 2017.

/s/ Robert J. Phillips
Attorneys for Mid-Century Insurance Company

CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this **MID-CENTURY'S RESPONSE TO RICK'S AUTO BODY INC.'S MOTION FOR ORDER TO STAY, OR DISMISS WITHOUT PREJUDICE AND AARON HALL'S MOTION TO DISMISS OR STAY** is printed with proportionately spaced Times New Roman text typeface of 14 points; is double-spaced; and the word count, calculated by Microsoft Office Word 2010, is 3,841 words long, excluding Caption, Certificate of Service and Certificate of Compliance.

/s/ Robert J. Phillips
Attorneys for Plaintiff