
**FILED**
OCT 30 2017
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY, a member company of FARMER'S INSURANCE GROUP OF COMPANIES, <br><br> Plaintiff, <br><br> vs. <br><br> RICK'S AUTO BODY, INC., and AARON HALL, Individually and as Personal Representative of the Estate of Bruce Hall, <br><br> Defendants. | CV 17–63–M–DLC <br><br> ORDER |
| RICK'S AUTO BODY, INC., <br><br> Counter-Claimant, <br><br> vs. <br><br> MID-CENTURY INSURANCE COMPANY and TRUCK INSURANCE EXCHANGE, member companies of FARMER'S INSURANCE GROUP OF COMPANIES, <br><br> Counter-Defendants. | |

Before the Court is a motion to stay or dismiss without prejudice filed by both Defendants, Rick's Auto Body, Inc. ("Rick's") and Aaron Hall ("Hall"). Defendants ask the Court to stay any coverage determination pending more factual development in the Underlying Action, or in the alternative, to dismiss the Complaint without prejudice.

Having read the parties briefs and documents presented, the Court denies Defendants' motions for the reasons stated below.

Because the parties are familiar with the facts of this case, they will only be recited as necessary to understand this Order.

## BACKGROUND

Bruce Hall, an auto body repair worker, was injured when static electricity ignited vapor fumes in the distillation room where he was working. He was badly burned and died the following day. Subsequently Aaron Hall, Bruce Hall's son, filed a complaint in the Fourth Judicial District of Montana alleging emotional distress in his own right and seeking punitive damages against Rick's. Rick's is insured under a Garage Policy with Mid-Century Insurance Company ("Mid-Century"), which allegedly precludes coverage for any injuries also covered under Montana's Workers' Compensation Act or any "bodily injury" to a child of an injured employee arising from a workplace accident. Additionally, Mid-Century

alleges that there is no coverage under the policy for punitive damages. After Rick's received service of the complaint, it tendered the claim to Mid-Century. Mid-Century sent Rick's a reservation of rights letter, and this action followed.

## DISCUSSION

The Declaratory Judgment Act is permissive; "a federal court may declare the rights and other legal relations of any interested party" involving a case of "actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). The United States Supreme Court has found that the Declaratory Judgment Act is procedural in nature, and thus "does not extend the jurisdiction of the federal courts." *Medtronic, Inc. v. Mirowski Fam. Ventures*, LLC, 134 S. Ct. 843, 848 (2014) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (internal marks omitted); *see also Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937) ("[T]he operation of the Declaratory Judgment Act is procedural only."). Rather, cases brought pursuant to the Act must satisfy "both constitutional and prudential concerns." *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998) (en banc). Thus, petitioners seeking declaratory relief must satisfy the "case or controversy" clause under Article III, section 2 of the United States Constitution, as well as statutory jurisdictional requirements. *Dizol*, 133 F.3d at 1222–1223 (citations omitted).

Here, the Court finds that both of these prerequisites under the Act are met. First, the Ninth Circuit has "consistently held that a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement." *Id.* at 1222 n.2. Second, the parties do not dispute, and the Court agrees, that diversity subject matter jurisdiction exists in this case because the parties are diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

However, even though diversity jurisdiction is not in dispute, a federal court may decline to exercise jurisdiction under the Declaratory Judgment Act under certain circumstances. *See Snodgrass v. Provident Life and Acc. Ins. Co.*, 147 F.3d 1163, 1166 (9th Cir. 1998) ("Under the Declaratory Judgment Act, a district court may decline to exercise jurisdiction over a declaratory action even though subject matter jurisdiction is otherwise proper."); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants.").

These "prudential concerns" were developed more fully by the Supreme Court, first in *Brillhart v. Excess Ins. Co.*, then in *Wilton v. Seven Falls Co.*, and

their progeny. 316 U.S. 491 (1942); 515 U.S. 277 (1995). Taken together, the two Supreme Court cases proscribe circumstances under which a federal court should exercise its jurisdiction. While the Ninth Circuit has added additional considerations[1], it is the three *Brillhart* factors that remain the "philosophic touchstone" of the *Wilton/Brillhart* analysis. *R.R. St. & Co. v. Transport Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011).

The *Brillhart* factors instruct a district court to decline jurisdiction (1) to avoid "needless determination of state law issues," (2) discourage "forum shopping," and (3) to avoid "duplicative litigation." *See Id.* (citing *Brillhart*, 316 U.S. at 289–290). A presumption in favor of dismissal arises when the federal action involves the same issues and parties. *Dizol*, 133 F.3d at 1225.

First, the Court notes that no presumption arises here as Mid-Century is not a party in the Underlying Action. Nor does the Underlying Action raise the same questions of policy coverage. The Underlying Action alleges only two claims against Rick's: the emotional distress and punitive damages claims. Rick's

---

[1] These factors include: (1) whether the state court could provide a full resolution of all the issues; (2) whether proceeding in federal court would result in an unnecessary federal determination of state law; (3) whether the case raises unresolved issues of state law better decided in a state trial court from which an appeal would go to a state appellate court; (4) whether retention of the action in federal court would encourage forum shopping; (5) whether one court is more convenient to the parties; and (6) whether removing the case from state court gives rise to comity concerns such that proceeding in federal court should be avoided. *Dizol*, 133 F.3d at 1225–1226.

answered the claim by bringing a motion to dismiss under Montana Rule of Civil Procedure 12(b)(6), which the state district court granted. Though Hall has appealed this case arguing that the Workers' Compensation exclusivity provision violates the Montana Constitution, that issue is not before this Court.

Though no presumption arises, the Ninth Circuit has broadly interpreted what constitutes a "parallel action." *American Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1017 (9th Cir. 1995); *Employers Reinsurance Corp. v. Karrusos*, 65 F.3d 796, 800 (9th Cir. 1995), both *overruled on other grounds by Dizol*, 133 F.3d 1220. The *Wilton/Brillhart* factors are implicated when a related action rests on the same factual circumstances. *Hungerford*, 53 F.3d at 1017. Here, the two cases are undoubtably related as both involve the same operative facts: Bruce Hall's injury sustained in the distillation room and Hall's subsequent emotional distress. Accordingly, this Court will apply the *Wilton/Brillhart* factors to determine whether the comity concerns warrant an abstention of jurisdiction.

Under the first factor, a court should decline jurisdiction when it involves a needless determination of state law. *R.R. St. & Co.*, 656 F.3d at 975. The Ninth Circuit instructs that where a federal court is deciding an issue of insurance coverage or another "routine issue of state law," it is a "rare circumstance" where

a court should decline jurisdiction because state law supplies the law governing the decision. *Id.* at 980–981.

Defendants argue that any coverage determination would constitute a "needless determination of state law" because this determination requires the state court to decide whether Hall's injury constitutes a "bodily injury" under Montana law. However, the district court resolved this concern by dismissing the NIED claim. Notwithstanding this development, Rick's claims a stay is proper because there are still many insurance coverage issues to resolve as to the remaining parties: Rick's lessor (Flying B) and Rick's facilities maintenance company (Temp Rite).

The Court disagrees. The issue presented is one of insurance policy coverage, a "routine issue[] of state law." *Id.* at 980–981. Should the Court, in its analysis, need to address any auxiliary questions under the ambit of state negligence law, such determinations would not be "needless." To answer Mid-Century's question does not require the Court to consider novel issues of state law. Rather, the Montana Supreme Court has provided appropriate guidance to answer the questions raised. Further, any necessary factual development concluded when the district court dismissed Hall's claim. Rick's assertion that factual development is still required to determine the existence of liability in

regards to the other named Defendants is not an issue before this Court. Accordingly, the first factor does not suggest either dismissal or a stay.

The second *Brillhart* factor contemplates whether the court's exercise of jurisdiction will encourage "forum shopping." *R.R. St. & Co.*, 656 F.3d at 975. Forum shopping occurs when a party selects a federal court to achieve a better outcome, or gain a tactical advantage unavailable in the state court action. *International Ass'n of Entrepreneurs of America v. Angoff*, 58 F.3d 1266, 1270 (1995). The concern of forum shopping arises whenever a litigant instigates a "reactive" proceeding in federal court. *Dizol*, 133 F.3d at 1225. Here, Mid-Century's Complaint is not "reactive" as Mid-Century is not a party to the Underlying Action, nor does the Complaint before this Court mirror the complaint in the Underlying Action. Further, there is no evidence that Mid-Century stands to benefit in outcome by selecting a federal court. "Although occasionally stigmatized as forum shopping, the desire for a federal forum is assured by the constitutional provision for diversity jurisdiction and the congressional statute implementing Article III." *First State Ins. Co. v. Callan Assocs.*, 113 F.3d 161, 162 (9th Cir. 1997) (internal marks omitted). In this instance, Mid-Century has filed this case in an appropriate, neutral forum.

Lastly, declining jurisdiction is proper when a federal court risks duplicative litigation. *R.R. St. & Co.*, 656 F.3d at 975. This factor addresses the concern that a federal and state court may reach inconsistent decisions on the same issue. *Id.* at 978. That concern does not arise here. The issue in the Underlying Action is whether Rick's alleged negligence in failing to maintain a properly ventilated workspace for employees who interact with flammable substances created the reasonably foreseeable risk that an employee's family member would suffer emotional distress from the allegedly negligent act. By contrast, the issue here requires the Court to interpret language in an insurance contract under well-settled principals of Montana law. The only impact this case will have on the Underlying Action as it is pursued on appeal is whether there is coverage under the policy for Hall's claims, and Mid-Century's ongoing duty to defend.

Hall urges the Court to decline jurisdiction, arguing that the question of coverage necessitates this Court's determination that Hall's injuries are "bodily" in nature. He argues that this is exactly the sort of "duplicative litigation" the *Wilton/Brillhart* doctrine is designed to prevent. Additionally, he urges the Court to stay because his constitutional challenge to the Workers' Compensation claim has not been addressed by the Montana Supreme Court as an "as applied" challenge. This Court disagrees. The district court found the existence of a

"bodily injury" irrelevant when it dismissed the complaint as precluded by the Workers' Compensation exclusivity provision. Because the Montana Supreme Court has provided clear guidance on whether an independent, third party claim for emotional distress is barred by Workers' Compensation, this Court will not stay its decision simply because Hall has raised a challenge to existing law.

As none of the three core *Wilton/Brillhart* factors discourage the exercise of jurisdiction, the Court will retain jurisdiction over the case.

Accordingly, IT IS ORDERED that Defendants' Motions to Stay or Dismiss Without Prejudice (Docs. 7, 10) are DENIED.

DATED this 30th day of October, 2017.

Dana L. Christensen, Chief Judge
United States District Court