FILED

APR 30 2018

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY, a member company of FARMER'S INSURANCE GROUP OF COMPANIES,<br><br>Plaintiff,<br><br>vs.<br><br>RICK'S AUTO BODY, INC., and AARON HALL, Individually and as Personal Representative of the Estate of Bruce Hall,<br><br>Defendants. | CV 17–63–M–DLC<br><br>ORDER |
| RICK's AUTO BODY, INC.,<br><br>Counter-Claimant,<br><br>vs.<br><br>MID-CENTURY INSURANCE COMPANY and TRUCK INSURANCE EXCHANGE, member companies of FARMER'S INSURANCE GROUP OF COMPANIES,<br><br>Counter-Defendants. | |

-1-

Two motions are pending before this Court. On December 8, 2017, Plaintiff Mid-Century Insurance Company ("Mid-Century") filed a Motion for Summary Judgment asking the Court to conclude that Mid-Century has no duty to defend or indemnify Defendant Rick's Auto Body, Inc. ("Rick's") in an action for emotional distress damages arising from a work place fatality. (Doc. 29.) Before responding to Mid-Century's Motion for Summary Judgment, Rick's filed a Motion for Leave to Amend its answer, because Rick's mistakenly asserted counterclaims against Truck Insurance Exchange ("Truck") without adding Truck as a third party defendant. (Docs. 34; 35 at 2.) Mid-Century opposes the motion because it asserts that the addition of Truck will destroy diversity and divest this Court of jurisdiction. (Doc. 38 at 2.) For the reasons stated below, the Court will grant Rick's motion. As a result, Mid-Century's Motion for Summary Judgment is not yet ripe for this Court's review.

Because the parties are familiar with the facts of this case they will only be recited as necessary to understand the Court's Order.

## ANALYSIS

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides a liberal amendment policy, instructing courts to freely give leave to amend "when justice so requires." Under Rule 15(a)(2), "leave to amend should be granted unless

amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185–87 (9th. Cir. 1987)). However, once a district court enters a scheduling order pursuant to Rule 16, that rule's standard controls. *Johnson*, 975 F.2d at 607–08. Therefore, a party seeking to amend a pleading after the date specified in the scheduling order must show "good cause" under Rule 16(b)(4) in addition to satisfying Rule 15(a)(2)'s requirements. *Id.* at 608.

Because the Court has not yet issued a scheduling order and because Rick's is not seeking to amend in bad faith, nor will amendment be futile or cause undue delay, the dispositive question is whether granting leave to amend will result in prejudice to Mid-Century. To answer this question, the Court must consider two issues: whether the addition of Truck will divest this Court of jurisdiction, and, if so, whether this will cause prejudice to Mid-Century whose Motion for Summary Judgment is pending before the Court.

## I.   Subject Matter Jurisdiction

A federal court has subject matter jurisdiction when the parties are diverse and the matter in controversy exceeds $75,000. 28 U.S.C.A. § 1332. Subject-matter jurisdiction requires complete diversity. *Lincoln Prop. Co. v. Roche*, 546

U.S. 81, 84 (2005). While corporations are citizens of the state in which they are incorporated and their principle place of business, the citizenship of unincorporated entities "depends on the citizenship of all its members." *Americold Realty Trust v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1014 (2016) (internal punctuation marks omitted). For the purposes of determining diversity jurisdiction, numerous federal district courts have determined that the unincorporated insurance entity is a citizen of each state in which it has a member. *See Staggs v. Farmers Ins. Exch.*, 2016 U.S. Dist. LEXIS 57791, at *4 (D. Or. Apr. 27, 2016) (stating that "[a]ccordingly, as a matter of law, Farmers is an unincorporated association and its citizenship hinges on the citizenship of its members."); *Truck Ins. Exch. v. The Manitowoc Co.*, 2010 WL 4961618, at *2 (D. Ariz. Dec. 1, 2010) (stating that "citizenship of an unincorporated association is the citizenship of each of its members"); *Nevada Capital Ins. Co. v. Farmers Ins. Exch.*, 2014 WL 6882342, at *1 (D. Nev. Dec. 4, 2014) (stating that "a reciprocal insurance exchange's subscribers are its members . . . and an exchange therefore has the citizenships of all of its subscribers."); *Lumbermen's Underwriting All. v. Mobil Oil Corp.*, 612 F. Supp. 1166, 1168 (D. Idaho 1985) (stating that "[a]n unincorporated association's citizenship for purposes of determining diversity is that of each of its members"); *Dally Properties, LLC v. Truck Ins. Exch.*, 2006 WL 2091151, at *1 (W.D. Wash.

July 25, 2006) (stating that "Truck . . . is an unincorporated association enjoying citizenship in every state in which it has a subscriber.").

Here, Truck has a subscribed member in Montana and is therefore a citizen of Montana because Rick's is incorporated in Montana and has its principal place of business in Montana. (Doc. 1 at 2). Aaron Hall, an additional Defendant in this case is also from Montana. (*Id.*) Mid-Century is a California Corporation with its principal place of business in Woodland Hills, California. (*Id.*) In addition, Truck has members in the state of California and is therefore a citizen of California as well. (Doc. 38 at 7.) Accordingly, the addition of Truck as a third party defendant will destroy complete diversity among the parties and divest the Court of subject matter jurisdiction. This result can be avoided only if this Court determines that the addition of Truck as a third party defendant will result in prejudice to Mid-Century.

## II. Prejudice

Mid-Century argues that it would suffer prejudice by the addition of Truck because it has already filed a Motion for Summary Judgment and would have to start anew in state court. Mid-Century cites *UDAP Indus., Inc. v. Bushwacker Backpack & Supply Co.*, 2017 WL 1653260 (D. Mont. May 2, 2017), for the proposition that prejudice results when a party seeks leave to amend late in the

litigation and the amended pleading adds new claims based on different legal theories. (Doc. 38 at 11–12.) Hall does not object to Rick's Motion for Leave to Amend and further claims that Mid-Century's argument regarding prejudice is illusory because Mid-Century's Motion for Summary Judgment could simply be recaptioned and re-filed in state court.

In *UDAP*, the court determined that the plaintiff could not show that it would have been prejudiced by the additional time and expense if the defendant were allowed to amend its answer. *Id.* at *4. Even though the deadline to amend the pleadings in the court's pre-trial scheduling order had passed and the defendant's amended pleading would result in the plaintiff incurring additional costs associated with additional discovery, the court concluded that these burdens did not rise to level or prejudice because the counterclaim was based on substantially the same legal theories as *UDAP*'s claims in the original complaint and because it involved many of the same facts. *Id.* Thus, the court determined that the additional discovery would likely be minimal. *Id.* Given the strong policy towards liberally allowing amendments under Rule 15, the court did not find that the plaintiff had made the requisite showing to overcome the strong policy in favor of amendment. *Id.*

By contrast, litigation in this matter has not yet progressed to the point

where the court has issued a final deadline for amending the pleadings. Nor has Mid-Century shown that the addition of Truck as a third party defendant will result in additional time or costs associated with discovery. Further, the Court notes that the addition of Truck will involve the same legal theories and the additional factual development is likely nil. In sum, Mid-Century has alleged even less prejudice than the plaintiff in *UDAP* which the court determined to be insufficiently prejudiced by a potential amendment. The only prejudice claimed by Mid-Century is the prejudice in having to "start anew in state court." And "[b]ald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to facilitate a proper disposition on the merits." *Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981) (internal quotation marks omitted). The Court concludes that Mid-Century has not stated sufficient facts to demonstrate that granting Rick's Motion for Leave to Amend will result in prejudice to Mid-Century to overcome the strong liberal policy in favor of granting leave to amend under Rule 15(a)(2).

Accordingly, IT IS ORDERED that Rick's Motion for Leave to Amend (Doc. 34) is GRANTED.

DATED this 30th day of April, 2018.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court